[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11032

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

*versus*

CORII ARKEEM BUSSEY,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:22-cr-00073-DHB-BKE-2

_____

Before WILSON, LUCK, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Corii Bussey appeals from the district court's imposition, after varying upward from the guideline range, of a sentence of 48 months' imprisonment with 3 years of supervised release for his conviction of violating 18 U.S.C. §§ 111(a)(1), (b), assaulting, resisting, or impeding a federal employee. Bussey argues that the district court abused its discretion by imposing a substantively unreasonable sentence because it failed to give significant weight to the mitigating circumstances he presented, and it failed to consider his serious health problems. Bussey also argues that the district court failed to properly consider his individual history and characteristics when it imposed the same sentence as it imposed for Bussy's co-defendant, whose conduct was not akin to his. Having read the parties' briefs and reviewed the record, we affirm Bussey's sentence.

## I.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). The party challenging the sentence bears the burden of showing that the sentence is unreasonable considering the record, the factors listed in 18 U.S.C. § 3553(a), and the substantial deference afforded sentencing courts. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

We examine whether a sentence is substantively reasonable considering the totality of the circumstances. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. The district court must consider several sentencing factors, including the nature of the offense, the defendant's character and history, and the need for the sentence imposed to reflect the seriousness of the offense, punish the defendant, and deter crime. § 3553(a)(1)-(2). The weight to be accorded to any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and the court is permitted to attach great weight to one factor over others. *United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021) ("That is what discretion in weighing factors is about."). A district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

Further, if a sentence falls outside of the guideline range, we may not apply a presumption of unreasonableness or disturb a sentence simply because we might reasonably have concluded that a different sentence was appropriate. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. Instead, in reviewing the substantive reasonableness of such a sentence, we may take the degree of variance into account and consider the extent of a deviation from the guidelines. *Id.* at 47, 128 S. Ct. at 595. We will vacate on substantive reasonableness grounds only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in

weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case. *Irey*, 612 F.3d at 1190.

## II.

The record demonstrates that Bussey's sentence is substantively reasonable. At the sentencing hearing, the district court informed Bussey that it was considering an upward variance or departure and allowed Bussey the opportunity to address the district court's concerns. After hearing from Bussey and the government, the district court acknowledged that it considered Bussey's minimal criminal history, that it considered Bussey's viewpoint of the shooting incident, and that it reviewed the pre-sentence investigation reports submitted by the probation officer and the guidelines. The district court also noted that it considered Bussey's health conditions, and it recommended that the Bureau of Prisons consider Bussey's heart condition when designating him to a correctional facility.

However, the district court emphasized the seriousness of the offense, noting that regardless which defendant initiated the shooting, the video showed that both defendants were armed and ready for a confrontation. In addition, noting that the postal worker who was caught in the middle of the shooting stated that she had a terrifying experience, the district court stated that it did not think a sentence within the guidelines would reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. Contrary to Bussey's contention,

the district court had discretion to afford significant weight to the seriousness of Bussey's offense and the need to protect the public, over his mitigating circumstances. Bussey's real contention is that the district court did not give more weight to his medical conditions and minimal criminal history, but that does not prove that the district court abused its discretion in weighing the § 3553(a) factors and imposed a sentence outside the range of reasonableness. We conclude that the sentence does not leave us with the definite and firm conviction that the district court committed a clear error of judgment. *See Irey*, 612 F.3d at 1189-90.

Accordingly, based on the aforementioned reasons, we affirm Bussey's sentence of 48 months' imprisonment and three years of supervised release.

**AFFIRMED.**